# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3472

_____

David R. Hastings,                    *
                                          *

          Appellant,          *
                                          *

      v.                        *   Appeal from the United States District
                                          *   Court for the Eastern District

Federal Aviation Administration;   *   of Missouri.
Office of Personnel Management,   *
                                          *

          Appellees.         *

_____

Submitted: May 10, 1999

Filed: August 10, 1999

_____

Before WOLLMAN, Chief Judge, BEAM, and MURPHY, Circuit Judges.

_____

BEAM, Circuit Judge.

David Hastings, an air traffic controller, brought an action under the Classification Act claiming that the Federal Aviation Administration (FAA) improperly failed to reclassify his facility. Shortly after this action was filed, the FAA did reclassify the facility. The district court eventually ruled in favor of the FAA, finding that Hastings had failed to exhaust his administrative remedies. We dismiss this appeal as moot.

## I. BACKGROUND

In 1990, the St. Louis airport tower was classified as a level IV facility and the full employment level (maximum pay grade) for a controller there was GS-13. Accordingly, Hastings, as an air traffic controller for the St. Louis airport tower, was classified as a GS-13. Concerned about the increasing traffic and complexity of the work at major airports in the New York City area, as well as the area's high cost of living, Congress directed the FAA to "undertake and complete a study on the classification of air traffic controllers at level IV limited radar approach facilities which includes airspace complexity as a factor in determining grade classification." Pub. L. No. 101-516, Sec. 337, 104 Stat. 2187 (1990). The FAA evaluated its level IV towers, including St. Louis, and in 1991, found that the three New York area facilities and the San Francisco tower should be upgraded to level V facilities, thus allowing the full maximum pay grade for controllers at those facilities to reach GS-14.

Hastings and other controllers at the St. Louis tower asked that the decision not to upgrade their facility be revisited. They prepared an analysis of the St. Louis facility, claiming that unique aspects of the airport made work there at least as complex and demanding as at those which had been upgraded. After the FAA denied his request, Hastings filed a classification appeal with the Office of Personnel Management (OPM). The OPM denied Hastings's classification appeal, and later declined to reconsider that ruling. Under the Civil Service Reform Act (CSRA), Pub. L. 95-454, 92 Stat. 1111 *et seq.* (1978) (codified as amended in scattered sections of 5 U.S.C.), Hastings should then have appealed to the Office of Special Counsel. However, he instead filed suit pro se in district court in 1994, asking the court to "mandate that the Federal Aviation Administration upgrade Lamber [sic] St. Louis international tower . . . to level V status."

The government moved for summary judgment, arguing that, in passing the CSRA, Congress intended to preclude judicial review of classification decisions. See Carducci v. Regan, 714 F.2d 171, 174 (D.C. Cir. 1983). In June 1995, the FAA did upgrade the St. Louis tower to a level V facility. The FAA then amended its motion for summary judgment to include the argument that the case was moot because Hastings had already received the relief he was seeking from the court.

In June 1996, pursuant to Congressional direction, the FAA established its own Personnel Management System, which essentially exempted the FAA from most sections of the CSRA and from the jurisdiction of the Office of Special Counsel. Though the government had mistakenly conceded early on that Hastings had exhausted his administrative remedies by appealing to the OPM, the district court dismissed the action for Hastings's failure to exhaust his administrative remedies. Hastings appeals.

## II.    DISCUSSION

At the outset, we note that, since the FAA initially conceded that Hastings had exhausted his administrative remedies, and now acknowledges that Hastings is foreclosed from appealing to the Office of Special Counsel to do so, the government will not be heard to argue that the district court lacked jurisdiction due to Hastings's failure to exhaust remedies.

In any event, we need not examine the administrative appeal process because the case is moot. The FAA has long since upgraded the St. Louis tower to a level V facility, which is the only relief Hastings sought from the district court. Hastings argues that the case is not moot because the district court could still award back pay. In United States v. Testan, 424 U.S. 392 (1976), the Supreme Court held that an award of back pay is not an available remedy for a violation of the Classification Act. See id. at 399. Hastings argues that since the holding in Testan, Congress passed the CSRA which made the FAA's failure to reclassify the St. Louis tower a "prohibited personnel

practice" under 5 U.S.C. § 2302(b)(11).[1]  Since the CSRA expressly allows the Merit Systems Protection Board to award back pay as part of its corrective action once it determines that there has been a prohibited personnel practice, see 5 U.S.C. § 1214(g), Hastings argues, Testan no longer applies.  However, this argument is undermined by the fact that courts have unanimously held that section 2302, defining and providing recourse for prohibited personnel actions, does not create a private right of action.  See United States v. Fausto, 484 U.S. 439 (1988);  Ryon v. O'Neill, 894 F.2d 199 (6th Cir. 1990); Taydus v. Cisneros, 902 F. Supp. 288, 292 (D. Mass. 1995) (collecting cases). Thus, even though back pay is a corrective action available to the Board, the implication that a private cause of action for back pay may now be brought in a district court for violations of the Classification Act is far from certain.

But Hastings has a more fundamental problem that precludes this remedy–he never asked the district court to award back pay.  His initial complaint asked the court only to mandate that the St. Louis tower be reclassified and specifically indicated that he was not seeking money damages.  Three years later, after retaining counsel, Hastings requested, and was granted, leave to file an amended complaint, however he failed to do so.  Without a request for back pay or money damages, those issues are not before the district court.[2]  Since the only issue before the court, upgrading the St. Louis

---

[1]Section 2302(b)(11) prohibits the failure to take a personnel action if that failure violates "any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301."  Among the principles listed in section 2301 is the notion that "[e]qual pay should be provided for work of equal value."  5 U.S.C. § 2301(b)(3).  See also 5 U.S.C. § 5101(1)(A) ("equal pay for substantially equal work" among purposes of the Classification Act).  See Houlihan v. Office of Personnel Management, 909 F.2d 383 (9th Cir. 1990).

[2]Hastings raised the issue of back pay for the first time in April 1996 in a memorandum in response to the defendants' amended motion for summary judgment wherein the defendants first raised the issue of mootness.  However, without ever asking the court for money damages, or back pay, or even asserting a general prayer

-4-

tower from level IV to level V, occurred in 1995, there is nothing for the district court to do, and the case is moot. "Through the passage of time and the occurrence of irrevocable events, disputes may disappear so that federal courts no longer can grant effective relief." McFarlin v. Newport Special Sch. Dist., 980 F.2d 1208, 1210 (8th Cir. 1992). At oral argument, Hastings asserted that the case is not moot because an award of back pay would be within the equitable discretion of the district court. Even assuming that were the case, without a request for that relief, there was nothing before the court after the tower was upgraded, thus the case is moot.

## III. CONCLUSION

Accordingly, this appeal is dismissed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

for relief, we do not believe that using back pay as an argument against mootness in a memorandum sufficiently places the issue before the court as a requested remedy.

-5-